SEPT. TERM
**1839**

Laporte
vs.
The State.

6    208
173    2690

## LAPORTE VS. THE STATE.

1. Where, in a change of venue in a criminal case, the venue sent up is imperfect, the court will not, for that reason, discharge the deft from his recognizance, especially as the change of venue in such cases is on the application of the deft.

2. The usual and regular mode of proceeding in such cases, is for the circuit attorney to suggest a diminution of the record, and move for a writ of certiorari, directed to the circuit court of the county from which the change of venue was taken, to send up the record.

3. A writ of error will not lie on the decision of the circuit court in overruling a motion to discharge a deft. from his recognizance, such not being a final decision in the cause.

Opinion of the court delivered by Tompkins Judge.

Laporte was indicted in the circuit court of St. Genevieve county, and on his motion a change of venue was awarded to the county of St. Francois. The clerk of the circuit court of St. Genevieve county sent to the circuit court of St. Francois county nothing of the record but the caption and recognizance, and the order for a change of venue, purporting to be made on motion of the defendant.

Where, in a change of venue in a criminal case, the record sent up is imperfect, the court will not, for that reason, discharge the deft. from his recognizance, especially as the change of venue in such cases is on the application of the deft.

In the circuit court of St. Francois county, Laporte the defendant moved that the cause be stricken from the docket and that he be discharged from his recognizance for reasons filed, the sum of which is that the record showed no charge against him. The circuit court overruled the motion, and on motion of the circuit attorney ordered the papers in the cause to be remanded to the circuit court of St. Genevieve county to be perfected by the clerk of said court, and certified according to law to the next term of the circuit court of St. Francois county. To this decision of the court exception was taken, and the matter was assigned for error.

The usual and regular mode of proceeding in such cases, is for the circuit attorney to suggest a diminution of the record, & move for a writ of certiorari, directed to the circuit court of

The more usual and regular way of doing such business, is for the circuit attorney to move for a writ of certiorari directed to the circuit court of St. Genevieve county, to send up the record, which the circuit court of St. Francois county, on the suggestion of a diminution of the record then before the court, by the circuit attorney would have ordered to be issued. The mode adopted by that court seems to be equally efficient, and it does not appear that the defendant is likely to be in a worse situation for that. The delay is not unreasonable or uncommon. It was his own act to

change the venue, and on such occasions it is not uncommon for an imperfect record to be sent up. The decision of the circuit court in this behalf was correct, and the cause will be remanded to be proceeded in. Moreover this was no final decision and consequently the writ of error does not lie.

In the case of Adam R. and James Johnson against the State on an indictment for a malicious prosecution for like reasons the same order is made.

*Scott and Zeigler for Appellant.*

Authorities cited: Revised Code of 1835, page 487, sect. 19, and page 488 sections 26, 27, 28.

*Brickey. for the State.*

1. Can this court legally consider the case at all as now presented here there never having been any final judgment or conclusive disposition of the case in the court below?

2. Did the circuit court err in overruling the several motions of the defendant?

3. Did the court err in sustaining the motion of the State to remand the papers to the clerk of St. Genevieve, and requiring him to perfect and transmit the record according to law, and the order of court?

4. Did the court err in requiring the defendant to renew his recognizance, he having previously surrendered himself in discharge of his original bail for his appearance to answer the indictment at St. Francois circuit court? Digest 488, section 28. Do. 486, sec. 15. Do. 488, sec. 1–2. 1 vol. Mo. Rep. 191. I do. do. 310.

*margin note:* SEPT. TERM 1839. Laporte vs. The State. the county from which the change of venue was taken, to send up the record. A writ of error will not lie on the decision of the circuit court in overruling a motion to discharge a deft. from his recognizance, such not being a final decision in the cause.